UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD STRATTON,

        Plaintiff,

v.

DOUG WADDINGTON,

        Defendant.

Case No. C08-5256RJB

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES IN HIS COMPLAINT

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service. The Court, having reviewed the record finds the following deficiencies:

1. Plaintiff's complaint is deficient. Plaintiff names Doug Waddington as the sole defendant. However, Plaintiff has failed to describe how each defendant was personally involved in the alleged deprivations.

Plaintiff should note in order to state a claim under 42 U.S.C. § 1983, a complaint must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff shall also note that a defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). Mr. Waddington appears to be named as a defendant due to his role as a prison administrator.

2. Accordingly, this court orders the following:

ORDER
Page - 1

(i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than June 30, 2008.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter as frivolous.

(ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.

DATED this 30th day of May, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge