UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD LYLE STRATTON,

    Plaintiff,

v.

DOUG WADDINGTON, et al.,

    Defendants.

Case No. C08-5256RJB

ORDER DISMISSING CASE

This matter comes before the court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 7. The court has considered the relevant documents and the file herein.

On April 22, 2008, plaintiff, who is proceeding in forma pauperis, filed a civil rights complaint. Dkt. 1. On May 30, 2008, the court issued an order, noting that plaintiff had not shown how the only named defendant, Doug Waddington, personally participated in the alleged deprivations, and directed plaintiff to file an amended complaint. Dkt. 3. On June 27, 2008, plaintiff filed an amended complaint, naming Doug Waddington and Scott Russell (Superintendent at Washington Correction Center) as defendants. Dkt. 4. The amended complaint alleges as follows:

> I was called out in the middle of the dinnerline [sic] for a visitation, so I asked an officer if I could sign up for church, and he said ask the morning floor officers. I went to ask the officer the next day and he said no. You must sign up to go. I then tried to resolve this with the defendants and unfortunately he said you have to sign up to go. There was no way I had a chance to sign up. I told both defendants that I have a right to my religion.

Dkt. 4, at 2.

On July 3, 2008, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, recommending that the complaint be dismissed for failure to state a claim because plaintiff had not alleged any facts showing how the named defendants acted to violate any right or duty owed. Dkt. 7.

ORDER
Page - 1

On July 11, 2008, plaintiff filed objections to the Report and Recommendation (Dkt. 10), a Motion for Leave to Amend (Dkt. 13), and a motion, requesting that he be permitted to name John Doe defendants (Dkt. 12).

Prison regulations that limit an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff alleges that he was told that he needed to sign up to attend church before he would be permitted to do so. Plaintiff has not shown that he was denied his constitutional right to practice his religion or that the prison regulation is anything other than related to the legitimate safety and security concerns of prison officials. Plaintiff has not stated a claim that any of the named defendants violated his constitutional rights. The Report and Recommendation should be adopted. Further, any attempt to amend the complaint further to add John Doe defendants would be futile, since plaintiff has not alleged a violation of a constitutional right. His motion to amend the complaint and his motion to add John Doe defendants should be denied.

Along with his objections and motions related to amendment of the complaint in this case, plaintiff filed other documents that do not appear to related to this case. *See* Dkt. 9, 9-2, 9-3, and 9-4. Dkt. 9-4 is apparently a motion for sanctions. That motion should be stricken because it is unrelated to this case.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 7) is **ADOPTED**. Plaintiff's Motion for Leave to Amend (Dkt. 13) is **DENIED**. Plaintiff's motion requesting that he be permitted to name John Doe defendants (Dkt. 12) is **DENIED**. Plaintiff's motion for sanctions (Dkt. 9-4) is **STRICKEN**. The case is **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim, and the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 4th of August, 2008.

ROBERT J. BRYAN
United States District Judge